# UNITED STATES DISTRICT COURT

# FOR THE

# DISTRICT OF MINNESOTA

Audrey Britton, David Bly,
Cary Coop, and John McIntosh,
individually and on behalf of all
citizens of Minnesota similarly situated,

        Plaintiffs,

vs.                                                  **COMPLAINT**

Mark Ritchie, Secretary of
State of Minnesota, Rachel Smith,
Hennepin County Elections Manager,
Fran Windschitl, Rice County Auditor,
Cindy Geis, Scott County Auditor,
Robert Hiivala, Wright County
Auditor, individually and on behalf
of all Minnesota county chief
election officers,

        Defendants.

Plaintiffs, for their cause of action against Defendants, state and allege as follows:

### JURISDICTION:

1.     This Court has subject matter jurisdiction over this action based upon the provisions of 42 U.S.C. §§ 1983 and 1988 as well as 28 U.S.C. § 1343(a)(3)(4) and 28 U.S.C. § 2201.

## PARTIES:

2.  Plaintiffs are citizens and qualified voters of the United States of America and of the State of Minnesota residing in various counties, legislative districts and congressional districts in the State of Minnesota as shown on Exhibit "A" which is attached hereto and incorporated herein by reference.

3.  Plaintiffs bring this action individually and as representatives of all of the citizens of the State of Minnesota who are similarly situated, as being currently denied Equal Protection of the Laws and Due Process of Law, as further alleged herein.

4.  Defendant Mark Ritchie is the duly elected and acting Secretary of State of the State of Minnesota whose duties under Minnesota Statutes Chapters 200 through 211B inclusive, charge him, in his official capacity, with the duties of keeping records of state elections, giving notice of such elections, receiving filings for office, preparing ballots and instructions to voters, distributing election laws of the State of Minnesota, receiving election returns, furnishing blank election ballots and forms, furnishing certificates of elections in multi-county legislative districts and Congressional Districts and statewide elections, membership on the Minnesota State Canvassing Board and various other election duties.

5.  Defendant Rachel Smith is the Elections Manager for Hennepin County, Minnesota, whose duties under Minnesota Statutes Chapters 200 through 211B inclusive, charge her, in her official capacity, with the duties of keeping records of state elections, giving notice of such elections, receiving filings for office, preparing ballots and instructions to voters, distributing election laws, receiving election returns, furnishing blank election ballots and forms, furnishing certificates of elections in Hennepin County legislative districts and congressional districts.

6. Defendant Cindy Geis is the duly elected County Auditor and chief election officer for Scott County, Minnesota, whose duties under Minnesota Statutes Chapters 200 through 211B inclusive, charge her, in her official capacity, with the duties of keeping records of state elections, giving notice of such elections, receiving filings for office, preparing ballots and instructions to voters, distributing election laws, receiving election returns, furnishing blank election ballots and forms, furnishing certificates of elections in Scott County legislative districts and congressional districts.

7. Defendant Fran Windschitl is the duly elected County Auditor and chief election officer for Rice County, Minnesota, whose duties under Minnesota Statutes Chapters 200 through 211B inclusive, charge him, in his official capacity, with the duties of keeping records of state elections, giving notice of such elections, receiving filings for office, preparing ballots and instructions to voters, distributing election laws, receiving election returns, furnishing blank election ballots and forms, furnishing certificates of elections in Rice County legislative districts and congressional districts.

8. Defendant Robert Hiivala is the duly elected County Auditor and chief election officer for Wright County, Minnesota, whose duties under Minnesota Statutes Chapters 200 through 211B inclusive, charge him, in his official capacity, with the duties of keeping records of state elections, giving notice of such elections, receiving filings for office, preparing ballots and instructions to voters, distributing election laws, receiving election returns, furnishing blank election ballots and forms, furnishing certificates of elections in Wright County legislative districts and congressional districts.

COUNT I:

LEGISLATIVE MALAPPORTIONMENT

9.  This case arises under the Fourteenth Amendment, Section 1, to the Constitution of the United States which provides in pertinent part:

> "[1]No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

The provisions thereof guaranty to the citizens of each state the right to vote in State and Federal elections and that the vote of each citizen shall be equally effective with any other vote cast in such election. A state statute and/or court order which enforces or effects an apportionment which invidiously discriminates against citizens in highly populous legislative districts and prefers other voters in the least populous legislative districts violates the above quoted constitutional provision.

10. This case also arises under the Fifth Amendment of the Constitution of the United States, which provides in pertinent part: "No person shall … be deprived of life, liberty or property without due process of law."

11. The current Minnesota legislative apportionment system established by a five (5) member Special Redistricting Panel in Zachman v. Kiffmeyer, Civil File No. CO-01-160 (Final Order dated March 19, 2002) effects a legislative apportionment which invidiously discriminates against citizens in the most highly populous legislative districts, including

4

Plaintiffs, and prefers other citizens in the least populous legislative districts in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

12. This case also arises under Article IV, Section 2 of the Minnesota State Constitution, which provides:

> The number of members who compose the senate and house of representatives shall be prescribed by law. The representation in both houses shall be apportioned equally throughout the different sections of the state in proportion to the population thereof.

13. This case also arises under Article IV, Section 3 of the Minnesota Constitution provides:

> At its first session after each enumeration of the inhabitants of this state made by the authority of the United States, the legislature shall have the power to prescribe the bounds of congressional and legislative districts. Senators shall be chosen by single districts of convenient contiguous territory. No representative district shall be divided in the formation of a senate district. The senate districts shall be numbered in a regular series.

14. Plaintiffs are citizens of the United States and of the State of Minnesota and have the rights conferred by the above provisions of the United States Constitution and the Minnesota Constitution to have the entire membership of the Minnesota Legislature apportioned and elected on the basis of the 2010 Federal Census.

15. The intent and the purpose of the above referenced provisions of the Minnesota Constitution is to require that the members of the Minnesota Legislature be elected by the people of the State of Minnesota on a basis of equal representation of the individual

5

citizens of the state. Therefore, all Minnesota State Senators and Representatives must be equally apportioned throughout the state in districts which are arranged in population according to the number of inhabitants thereof as shown by the 2010 Federal Census.

16.     On information and belief, the United States Federal Census taken as of April 2010 shows that the Minnesota state legislative districts as established by the Special Redistricting Panel in Zachman v. Kiffmeyer, Civil File No. CO-01-160 (Order dated March 19, 2002), are now unequally apportioned; that despite the compilation of said Census the State of Minnesota has failed and neglected, and unless otherwise ordered, will continue to fail and neglect to reapportion the legislative districts in the State of Minnesota; and that the present apportionment of the state legislative districts is no longer based upon any logical or reasonable formula but is arbitrary and capricious.

17.     Based upon the April 2010 Federal Census, the ideal population for each Minnesota State House of Representatives district is 39,581.5.  The ideal population for each Minnesota State Senate district is 79,163.

18.     These Plaintiffs are residents, citizens and voters of certain legislative districts in the State of Minnesota, the population of which has increased since the last Federal Census at a rate greater than the state population as a whole.

19.     The unequal population of the Minnesota House of Representatives districts and the Minnesota State Senate districts deprives Plaintiffs and all other citizens of the highly populated districts of the rights guaranteed to them by the Fourteenth Amendment to the

United States Constitution, including the rights of Due Process of Laws and the Equal Protection of the Laws. It further deprives them of the rights guaranteed to them by the above quoted provisions of the Minnesota State Constitution.

20. The plaintiffs are informed and believe and, therefore, allege that the Legislature of the State of Minnesota will not pass a law reapportioning itself in conformity with the United States Constitution and the Constitution of the State of Minnesota during the 2011 Legislative Session. The plaintiffs further allege on information and belief that the defendants intend to and will, unless sooner restrained by an order of this Court, conduct the election for the 2013 Minnesota State Legislature during the year 2012 on the basis of the senatorial and representative districts determined by the Special Redistricting Panel in the case of <u>Zachman v. Kiffmeyer,</u> Case File No. CO-01-160 (Order dated March 19, 2002) and that until there is a legislative reapportionment, defendants will continue to do so in subsequent elections for members of the Minnesota State Legislature.

21. Plaintiffs further allege that they intend to and will vote in the state primary and general elections to be held in 2012 and thereafter for candidates for Minnesota State Senate and Minnesota House of Representatives; and that said elections conducted in accordance with final order of the Special Redistricting Panel in the case of <u>Zachman v. Kiffmeyer,</u> Case File No. CO-01-160 (Order dated March 19, 2002) will continue to deprive plaintiffs of their rights guaranteed under the Constitution of the United States and the Constitution of the State of Minnesota.

22. In the absence of reapportionment of the legislative districts of the State of Minnesota in conformance with the Minnesota Constitution, any action of these defendants in conducting an election of the members of the Minnesota Legislature in accordance with the districts ordered by the Special Redistricting Panel in the case of <u>Zachman v. Kiffmeyer,</u> Case File No. CO-01-160 (Order dated March 19, 2002) will continue to deprive plaintiffs of their constitutional rights in that:

    (a)    They are and will be arbitrarily deprived of their liberty and property without Due Process of Law, and are and will be arbitrarily deprived of the Equal Protection of the Laws in violation of the Fourteenth Amendment to the Constitution of the United States.

    (b)    They are and will be in substantial measure, disenfranchised and deprived of their rights and privileges, all in violation of Article I, Section 2 of the Minnesota Constitution.

    (c)    They are and will be deprived of equally apportioned congressional districts of the Minnesota Legislature as guaranteed by Article IV, Section 2 and Article IV, Section 23 of the Minnesota Constitution.

    (d)    Their right to vote, as guaranteed by Article VII, Section 1 of the Minnesota Constitution, is and will continue to be abridged, diluted and infringed.

23. By reason of the failure of the Legislature of the State of Minnesota to reapportion the legislative districts of the state in conformity with the Minnesota Constitution, thus violating the above cited constitutional rights of these plaintiffs and of all other members of the class of citizens and voters whom they represent, a justiciable controversy exists.

<u>COUNT II:</u>
<u>CONGRESSIONAL REDISTRICTING</u>

24. Plaintiffs reallege paragraphs 1 through 8 hereof.

25. This case arises under the Fourteenth Amendment, Section 1 of the Constitution of the United States, which provides in pertinent part:

> No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty or property, without due process of law; nor deny any person within its jurisdiction equal protection of the laws.

The provisions thereof guaranty to the citizens of each state the right to vote in State and Federal elections and that the vote of each citizen shall be equally effective with any other vote cast in such elections.  A state statute and/or court order which enforces or effects an apportionment, which invidiously discriminates against citizens in highly populous congressional districts and prefers other citizens in the least populous congressional districts violates the above quoted constitutional provision.

26.     Article 4, Section 3 of the Minnesota State Constitution provides:

> At its first session after each enumeration of the inhabitants of this state made by the authority of the United States, the legislature shall have the power to prescribe the bounds of congressional and legislative districts.

27.     Plaintiffs are citizens of the United States and of the State of Minnesota, and have the rights conferred by the above provisions of the United States Constitution and the Minnesota Constitution to have all Representatives in Congress from the State of Minnesota apportioned and elected on the basis of the 2010 Federal Census.  The intent and purpose of the aforesaid provision of the Minnesota Constitution is to require that Representatives in Congress be elected by the people of the State of Minnesota on a basis of equal representation of the individual electors in the state and that the Minnesota Representatives in Congress from the State of Minnesota must be equally apportioned throughout the state in districts which are arranged in proportion to the number of inhabitants therein.

28. On information and belief, the United States Federal Census taken as of April 2010 shows that the congressional districts as established by the Court in <u>Zachman et al v. Kiffmeyer et al,</u> Civil File No. CO-01-160 (Order dated March 19, 2002), and Minnesota Statutes Sections 2.742 through 2.812 are now unequally apportioned; that despite the compilation of said Census, the Minnesota Legislature has failed and neglected to reapportion lawfully the congressional districts in the State of Minnesota; and the present apportionment of the congressional districts is not based upon any logical or reasonable formula whatsoever, but is arbitrary and capricious.

29. Based upon the April, 2010 Federal Census, the ideal population for each congressional district in Minnesota is 662,990.

30. The unequal representation effected by the congressional districts created and ordered by the Court in <u>Zachman et al v. Kiffmeyer et al,</u> Civil File No. CO-01-160 (Order dated March 19, 2002), deprives plaintiffs and all other citizens of the highly populated congressional districts of the rights guaranteed to them by the Fourteenth Amendment to the Constitution of the United States including their rights of Due Process of Law and the Equal Protection of the laws. It further deprives them of their rights as guaranteed by the above quoted provisions of the Minnesota State Constitution.

31. The plaintiffs are informed and believe and, therefore allege, that the Legislature of the State of Minnesota will adjourn without reapportioning the state's congressional districts in conformity with the United States Constitution and the Constitution of the State of Minnesota during the 2011 legislative session. The plaintiffs further allege on the information and belief that all of the Defendants intend to and will, unless sooner restrained by an order of this Court, conduct the next election for Representatives in Congress during the year 2012, on the basis of the current congressional districts and that until there is a congressional reapportionment, Defendants will continue to do so in subsequent elections of Representatives in Congress.

32. Plaintiffs further allege that they intend to and will vote in the state primary and general election in 2012 and thereafter for candidates for Representatives in Congress; and that said elections conducted in accordance with the present congressional districts will continue to deprive Plaintiffs and the class that they represent of their rights guaranteed under the above cited provisions of the Constitution of the United States and of the Constitution of the State of Minnesota.

33. In the absence of reapportionment of the congressional districts of the State of Minnesota in conformity with the United States Constitution, any action of these Defendants in conducting an election for Representatives in Congress in accordance with the present districts has deprived and will continue to deprive Plaintiffs of their constitutional rights in that:

    (a) They are and will be arbitrarily deprived of liberty and property without Due Process of Law, and are and will be arbitrarily deprived of the Equal Protection of the Laws in violation of the Fourteenth Amendment to the Constitution of the United States.

    (b) They are and will be in substantial measure disenfranchised and deprived of their rights and privileges, all in violation of Article 1, Section 2 of the Minnesota Constitution.

    (c) They are and will be deprived of equally apportioned congressional districts as guaranteed by Article 4, Section 3 of the Minnesota Constitution.

    (d) Their right to vote, as guaranteed by Article 7, Section 1 of the Minnesota Constitution, is and will continue to be abridged, diluted and infringed.

34. By reason of the failure of the Legislature of the State of Minnesota to reapportion the congressional districts of the state in conformity with the United States and Minnesota Constitutions, thus violating the constitutional rights of these plaintiffs and of all other members of the class of citizens and voters whom they represent, a justiciable controversy exists.

WHEREFORE, Plaintiffs respectfully pray that:

1. This Court declare the rights of these Plaintiffs pursuant to 28 U.S.C. § 2201, to wit:

(a)  That the present legislative apportionment of the State of Minnesota as ordered by the court in <u>Zachman et al v. Kiffmeyer et al,</u> Civil File No. CO-01-160 (Order dated March 19, 2002) and in Minnesota Statutes §2.043 through 2.703 has deprived and continues to deprive plaintiffs and all citizens of the State of Minnesota similarly situated in underrepresented districts of their liberty and property without Due Process of law and has denied and continues to deny plaintiffs and all citizens of the State of Minnesota similarly situated in underrepresented districts of the Equal Protection of the law all in violation of the Fourteenth Amendment to the Constitution of the United States; and

(b)  That the present plan of congressional apportionment as ordered by the court <u>Zachman et al v. Kiffmeyer et al,</u> Civil File No. CO-01-160 (Order dated March 19, 2002) Minnesota Statute §§ 2.742 through 2.812 deprives plaintiffs and the class they represent of Due Process of Law and Equal Protection of the Law all in violation of the Fourteenth Amendment to the Constitution of the United States.

(c)  That the present plan of Congressional districts, as ordered by the court in <u>Zachman et al v. Kiffmeyer et al,</u> Civil File No. CO-01-160 (Order dated March 19, 2002), and §§2.742 through 2.812, unlawfully impairs the rights of the plaintiffs and the class they represent as guaranteed by Article 4, Section 3, and Article 1, Section 2 of the Minnesota Constitution.

(d)  That the decision of the Special Redistricting Panel in <u>Zachman et al v. Kiffmeyer et al,</u> Civil File No. CO-01-160 (Order dated March 19, 2002), and Minnesota Statute §§2.043 through 2.703 unlawfully impairs the rights of the plaintiffs and the class they represent as guaranteed by Article I, Section 2 and Article 4, Sections 2 and 3 of the Minnesota Constitution.

2.  The Court issue a permanent injunction and judgment decreeing that the plan of the legislative apportionment set forth in <u>Zachman et al v. Kiffmeyer et al,</u> Civil File No. CO-01-160 (Order dated March 19, 2002), and Minnesota Statute §§2.043 through 2.703 may not hereafter be used as a valid plan of legislative apportionment.

3.  The Court permanently restrain defendants and the class of persons they represent from receiving nominations and petitions for legislative office, from issuing certificates of nominations and elections, and from all further acts necessary to the holding of elections for members of the Minnesota Legislature in the districts set out and described in <u>Zachman et al v. Kiffmeyer et al,</u> Civil File No. CO-01-160 (Order dated March 19, 2002), and Minnesota Statutes §§2.043 through 2.703 until such time as the legislature passes and the governor approves legislation reapportioning the state legislative districts in accordance with the Constitution of Minnesota and the Due Process and Equal Protection clauses of the United States Constitution.

4.  The Court issue its permanent injunction and judgment decreeing that the plan of congressional apportionment set forth in Minnesota Statutes §§2.043 through 2.703 and §§2.742 through 2.812 and as set forth in <u>Zachman et al v. Kiffmeyer et al,</u> Civil File No. CO-01-160 (Order dated March 19, 2002), may not hereafter be used by Defendants as a valid plan and scheme of congressional apportionment.

5.  The Court permanently restrain the defendants and the class of persons they represent from receiving nominations and petitions for Congressional office, from issuing certificates of nomination and elections, and from all further acts necessary to the holding of elections for members of Congress in the districts to the decree of the Court in <u>Zachman et al v. Kiffmeyer et al,</u> Civil File No. CO-01-160 (Order

dated March 19, 2002) until such time as the legislature passes and the Governor approves legislation reapportioning the eight (8) Minnesota Congressional districts in accordance with the Constitution of Minnesota and the Due Process and Equal Protection clauses of the United States Constitution.

6. That this Court notify the Governor and Legislature of the State of Minnesota that it will retain jurisdiction of this action and, upon the failure of the State of Minnesota to adopt constitutionally valid plans of congressional redistricting and legislative reapportionment, prior to the end of the current legislative session, the Court will issue an Order requesting the parties hereto to submit proposed plans of congressional redistricting and legislative reapportionment for the Court's consideration.

7. The Court order defendants to pay to plaintiffs, pursuant to 42 U.S.C. §1988 and Minn. Stat. §555.08, their reasonable attorneys fees and expenses, expert fees, costs and other expenses incurred in prosecuting this action.

8. For such other and future relief as is just in the circumstances.

                        WEINBLATT & GAYLORD, PLC

Dated: January 11, 2011        s/Alan W. Weinblatt
                                      Alan W. Weinblatt (#115332)
                                      Jay Benanav (#0006518)
                                      Jane L. Prince (#0388669)
                                      Attorneys for Plaintiffs
                                      111 East Kellogg Boulevard, Suite 300
                                      St. Paul, MN 55101
                                      Telephone: (651) 292-8770
                                      Facsimile:  (651) 223-8282
                                      alan@weglaw.com