## UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF MINNESOTA

_____

Audrey Britton, David Bly, Cary Coop, Josh McIntosh, individually and on behalf of all citizens of Minnesota similarly situated,

        Plaintiffs in Intervention,

vs.

Mark Ritchie, Secretary of State of Minnesota, Rachel Smith, Hennepin County Elections Manager, Fran Windschitl, Rice County Auditor, Cindy Geis, Scott County Auditor, Robert Hiivala, Wright County Auditor, individually and on behalf of all Minnesota county chief election officers,

        Defendants,

vs.

Sara Hippert, Dave Greer, Linda Markowitz, Dee Dee Larson, Ben Maas, Gregg Peppin, Randy Penrod and Charles Roulet, individually and on behalf of all citizens and voting residents of Minnesota similarly situated,

        Plaintiffs in Intervention.

Civil Action No: 11-cv-93 PJS/AJB

**COMPLAINT IN INTERVENTION**

_____

      Plaintiffs in Intervention, Sara Hippert, Dave Greer, Linda Markowitz, Dee Dee Larson, Ben Maas, Gregg Peppin, Randy Penrod and Charles Roulet, individually and on

1

behalf of all citizens and voting residents of Minnesota similarly situated, for their Complaint in Intervention against Defendants, state and allege as follows:

## PARTIES

1. Plaintiffs who commenced this action (not the Plaintiffs in Intervention) are identified in the Complaint filed in this action and dated January 11, 2011 ("Complaint") ¶ 2 at 2 and Exhibit A attached thereto, which averment this pleading adopts by reference (without adopting any other averment in that pleading except as this pleading explicitly states).

2. The Defendants are identified in the Complaint at ¶¶ 4-8 at 2-3, which averment this pleading adopts by reference (without adopting any other averment in that pleading except as this pleading explicitly states).

3. Plaintiffs in Intervention are citizens and qualified voters of the United States and the State of Minnesota.  Plaintiffs in Intervention reside in the following counties, legislative districts and congressional districts in the State of Minnesota:

| Plaintiff | County | Legislative Dist. | Cong. District |
|---|---|---|---|
| Sara Hippert | Wright | SD 19 | 6 |
| Dave Greer | Isanti | SD 17 | 8 |
| Linda Markowitz | Washington | SD 52 | 6 |
| Dee Dee Larson | Anoka | SD 48 | 6 |
| Ben Maas | Carver | SD 34 | 2 |
| Gregg Peppin | Hennepin | SD 32 | 3 |
| Randy Penrod | Scott | SD 35 | 2 |
| Charles Roulet | Hennepin | SD 32 | 3 |

4. Plaintiffs in Intervention bring this action individually and on behalf of themselves and all other citizens and voters who reside in the State of Minnesota, United

2

States of America, and who are similarly situated as having been denied equal protection of the laws as further stated herein.  This class is so numerous as to make joinder impossible and impractical; there are common questions of law and fact which predominate over individual questions of law and fact; the claims of the named individuals are typical of the claims of the members of this class; and these Plaintiffs in Intervention will fairly and adequately represent and protect the interests of the class.  In addition, the prosecution of separate actions by individual members of the class would create a risk of inconsistency or varying adjudications which would establish incompatible standards of conduct for the named Defendants.  The common questions of law which predominate are the constitutionality of the current plan of legislative districts and congressional districts established by the Minnesota Special Redistricting Panel (hereinafter the "Panel") in *Zachman v. Kiffmeyer*, Civ. File No. C0-01-160 (Final Orders dated March 19, 2002) (hereinafter "*Zachman*"), which is being enforced by the Defendants.

### JURISDICTION

5. This Court has subject matter jurisdiction over this action based upon the provisions of 42 U.S.C. §§ 1983 and 1988 as well as 28 U.S.C. §§ 1331, 1343(a)(3)-(4) and 1367 to redress claims of the Plaintiffs in Intervention regarding violations of the Constitution of the United States ("United States Constitution") and the Minnesota State Constitution ("Minnesota Constitution").

### COUNT I
### LEGISLATIVE APPORTIONMENT – UNITED STATES CONSTITUTION

6. The above-numbered paragraphs 1-5 are incorporated herein by reference.

3

7. The Fourteenth Amendment, Section 1 of the United States Constitution provides in pertinent part:

> No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

8. The Fifth Amendment to the United States Constitution provides in pertinent part, "No person shall…be deprived of life, liberty or property without due process of law."

9. The above provisions of the United States Constitution guarantee to the citizens of the United States in each state the right to vote in state and federal elections and guarantees that the vote of each shall be as equally effective as any other vote cast in such elections. Further, the United States Constitution guarantees that state legislative representation shall be equally apportioned throughout a state in districts in equal population.

10. Any plan of Minnesota legislative districts that does not meet constitutional standards unlawfully discriminates against voters in more highly populated districts such as the districts in which Plaintiffs in Intervention reside while exaggerating the power of voters in less populated districts in violation of the rights guaranteed under the Fourteenth Amendment to the United States Constitution. Any action of Defendants in enforcing or implementing such a plan violates the equal protection and due process rights of Plaintiffs in Intervention and other similarly-situated United States citizens residing and voting in Minnesota.

11. As indicated above, Minnesota's current state legislative districts were established and remain in force by order of the Panel in *Zachman*. On information and

4

belief, these districts exaggerate the power of voters in less populated Minnesota legislative districts and unlawfully discriminate against Plaintiffs in Intervention and other similarly-situated voters in more highly populated Minnesota legislative districts.

12. On information and belief, the United States Department of Commerce, Bureau of Census will soon issue data from the 2010 Census showing that Minnesota's legislative districts as ordered by the Panel in *Zachman* are no longer equally apportioned.

13. The Minnesota Legislature has failed and will, on information and belief, continue to fail to equally apportion Minnesota's legislative districts in conformity with the Fifth and Fourteenth Amendments to the United States Constitution.

14. The unequal apportionment of Minnesota's legislative districts ordered in *Zachman* deprives Plaintiffs in Intervention and all other similarly-situated voters of highly-populated Minnesota legislative districts of the rights guaranteed to them under Equal Protection and Due Process clauses of the United States Constitution.

15. The Minnesota Legislature has not and, on information and belief, will not pass a law equally apportioning itself in conformity with the United States Constitution. Plaintiffs in Intervention further allege, on information and belief, that all of the Defendants intend to and will, unless sooner restrained by an Order of this Court, conduct elections for the 2012 Minnesota Legislature (and future legislatures) on the basis of the legislative districts ordered in *Zachman*. The relief sought against Defendants in their official capacities relates to their respective jurisdictions in carrying out all matters relating to the election of members of the Minnesota Legislature.

16. Plaintiffs in Intervention further allege that they intend to and will vote in the year 2012 Minnesota primary and general elections and thereafter for candidates for the Minnesota Legislature, and that said elections conducted in accordance with *Zachman* will continue to deprive Plaintiffs in Intervention of rights guaranteed under the United States Constitution.

17. In the absence of reapportionment of Minnesota's legislative districts in conformity with the United States Constitution, any action of these Defendants in conducting an election for members of the Minnesota Legislature in accordance with the districts ordered by *Zachman* has deprived and will continue to deprive Plaintiffs in Intervention of their constitutional rights under the Fifth and Fourteenth Amendments to the United States Constitution.

18. By the current and anticipated failure of the Minnesota Legislature to equally apportion the legislative districts of the state in conformity with the United States Constitution, the Minnesota Legislature has and will continue to cause Defendants to violate the constitutional rights of Plaintiffs in Intervention and all other similarly-situated residents of the State of Minnesota.

## COUNT II

**LEGISLATIVE APPORTIONMENT – MINNESOTA CONSTITUTION**

19. The above-numbered paragraphs 1-18 are incorporated herein by reference.

20. Article IV, Section 2 of the Minnesota Constitution provides (emphasis added):

> The number of members who compose the senate and house of representatives shall be prescribed by law.  The representation in both houses *shall be*

*apportioned equally* throughout the different sections of the state in proportion to the population thereof.

21. Article IV, Section 3 of the Minnesota Constitution provides (emphasis added):

At its first session after each enumeration of the inhabitants of this state made by the authority of the United States, the legislature shall have the power to prescribe the bounds of congressional and legislative districts…

22. Through the above provisions, the Minnesota Constitution guarantees to the residents of the State of Minnesota that their vote shall be equally as effective as any other vote cast in an election for members of the Minnesota Legislature. Furthermore, these provisions require that the Minnesota Legislature equally apportion state legislative representation throughout the State of Minnesota by districts of equal population.

23. Plaintiffs in Intervention as citizens of the United States and residents of the State of Minnesota have the right under the Minnesota Constitution to have the members of the Minnesota Legislature equally apportioned and elected on the basis of the United States Census for the year 2010 (the "2010 Census"). On information and belief, based on the 2010 Census, Minnesota's legislative districts ordered in *Zachman* are unequally apportioned (as discussed above).

24. The Minnesota Legislature has not adopted a legislative apportionment system since 2002, when the Panel ordered the current legislative districts. The 2011 Minnesota Legislature has failed and neglected to equally apportion the legislative districts in the State of Minnesota and will, on information and belief, continue to fail to apportion said districts in a manner which reflects the mandate of Article IV, Section 2 of the Minnesota Constitution that they be "equally apportioned."

25. Minnesota's current legislative districts were established and remain in force by order of the Panel in *Zachman*. The *Zachman* Panel ordered senate districts with an average population of 73,425 persons (with a mean deviation of 206 persons, or 0.28%) and house districts with an average population of 36,713 persons (with a mean deviation of 118 persons, or 0.32%) (Final Order Adopting a Legislative Redistricting Plan dated March 19, 2002). Specific 2000 population amounts of each of Minnesota legislative districts are set forth within *Exhibit A-1*.

26. Based on the results of the 2010 Census released by the United States Census Bureau on December 21, 2010, the population of Minnesota as of April 1, 2010 is 5,303,925[1]. Hence, the ideal population for each of Minnesota's sixty-seven (67) senate districts is 79,163, and the ideal population for each of Minnesota's one hundred thirty-four (134) house districts is 39,581.5. Attached hereto as *Exhibit A-2* are the 2009 population estimates and deviations of Minnesota's legislative districts ordered in *Zachman*, as prepared September 29, 2010 by the Minnesota State Demographer. The unequal apportionment of the legislative districts in which the Plaintiffs in Intervention reside ordered in *Zachman* deprives Plaintiffs in Intervention and all other similarly-situated voters in highly-populated Minnesota legislative districts of the rights guaranteed to them under the Minnesota Constitution.

27. The Minnesota Legislature has not and, on information and belief, will not, pass a law equally apportioning itself in conformity with the Minnesota Constitution.

---

[1] *See* http://2010.census.gov/2010census/data/index.php. By contrast, after the 2000 Census, Minnesota's population was 4,919,479. http://www.census.gov/census2000/states/mn.html.

I:\CORP\redistricting 2010\pleadings - federal\complaint - intervention.doc

Plaintiffs in Intervention further allege, on information and belief, that all of the Defendants intend to and will, unless sooner restrained by an Order of this Court, conduct elections for the 2012 Minnesota Legislature (and future legislatures) on the basis of the legislative districts ordered in *Zachman*. The relief sought against Defendants in their official capacities relates to their respective jurisdictions in carrying out all matters relating to the election of members of the Minnesota Legislature.

28. Plaintiffs in Intervention further allege that they intend to and will vote in the year 2012 Minnesota primary and general elections and thereafter for candidates for the Minnesota Legislature, and that said elections conducted in accordance with *Zachman* will continue to deprive Plaintiffs in Intervention of rights guaranteed under the Minnesota Constitution.

29. In the absence of reapportionment of the legislative districts of the State of Minnesota in conformity with the Minnesota Constitution, any action of these Defendants in conducting an election for members of the Minnesota Legislature in accordance with the districts ordered by *Zachman* has deprived and will continue to deprive Plaintiffs in Intervention of their constitutional rights under the Rights and Privileges clause (Article I, Section 2) and the Equal Apportionment clause (Article IV, Section 2) of the Minnesota Constitution.

30. By the current and anticipated failure of the Minnesota Legislature to equally apportion the legislative districts of the state in conformity with the Minnesota Constitution, the Minnesota Legislature has and will continue to cause Defendants to violate the

9

constitutional rights of Plaintiffs in Intervention and all other similarly-situated residents of the State of Minnesota.

**COUNT III**
**CONGRESSIONAL DISTRICTS – UNITED STATES**
**AND MINNESOTA CONSTITUTIONS**

31. The above-numbered paragraphs 1-30 are incorporated herein by reference.

32. Article I, Section 2 of the United States Constitution provides that:

> The House of Representatives shall be composed of members chosen every second Year by the People of the several States…Representatives…shall be apportioned among the several States…according to their respective Numbers…

33. The Fourteenth Amendment, Section 1 of the United States Constitution provides in pertinent part:

> No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

34. The Fifth Amendment to the United States Constitution provides in pertinent part, "No person shall . . . be deprived of life, liberty or property without due process of law."

35. The above provisions of the United States Constitution guarantee to the citizens of the United States in each state that their vote shall be as equally effective as any other vote cast in an election and that congressional representatives shall be elected on the basis of equal representation of the individual voters in the state. Furthermore, these provisions guarantee that congressional representation shall be equally apportioned throughout a state in districts of equal population.

10

36.  Article IV, Section 3 of the Minnesota Constitution provides:

> At its first session after each enumeration of the inhabitants of this state made by the authority of the United States, the legislature shall have the power to prescribe the bounds of congressional…districts.

37.  Any plan of Minnesota congressional districts that does not meet constitutional standards unlawfully discriminates against voters in more highly populated districts while exaggerating the power of voters in less populated districts in violation of the rights guaranteed under the Fourteenth Amendment.  Any action of Defendants in enforcing or implementing such a plan violates the equal protection and due process rights of Plaintiffs in Intervention and other similarly-situated United States citizens residing and voting in Minnesota.

38.  Minnesota's current state congressional districts were established and remain in force by order of the Panel in *Zachman*.  The *Zachman* Panel ordered congressional districts with an average population of 614,935 persons.  Again, according to the United States Census Bureau, the population of Minnesota as of April 1, 2010 is 5,303,925.  Hence, the ideal population for each of Minnesota's eight (8) congressional districts (according to the December 2010 Census results) is 662,990.6 persons.  Attached hereto as *Exhibit A-2* are the 2009 population estimates and deviations of Minnesota's congressional districts ordered in *Zachman*, as prepared in September 29, 2010 by the Minnesota State Demographer.  The unequal apportionment of these congressional districts ordered in *Zachman* deprives Plaintiffs in Intervention residing in congressional districts 2, 3 and 6, and all other similarly-situated voters in these Minnesota congressional districts, of the rights guaranteed to them under the United States Constitution and the Minnesota Constitution.

39. The Minnesota Legislature has failed and will, on information and belief, continue to fail to equally apportion Minnesota's congressional districts in conformity with the Fifth and Fourteenth Amendments to the United States Constitution and Article IV, Section 3 of the Minnesota Constitution.

40. The unequal apportionment of Minnesota's congressional districts ordered in *Zachman* deprives Plaintiffs in Intervention residing in congressional districts 2, 3 and 6, and all other similarly-situated voters in these Minnesota congressional districts, of the rights guaranteed to them under Equal Protection and Due Process clauses of the United States Constitution.

41. The Minnesota Legislature has not and, on information and belief, will not pass a law equally apportioning Minnesota's congressional districts in conformity with the United States Constitution. Plaintiffs in Intervention further allege, on information and belief, that all of the Defendants intend to and will, unless sooner restrained by an Order of this Court, conduct elections for the 2012 United States House of Representatives (and future congressional elections) on the basis of the congressional districts ordered in *Zachman*. The relief sought against Defendants in their official capacities relates to their respective jurisdictions in carrying out all matters relating to the election of members of the United States House of Representatives.

42. Plaintiffs in Intervention further allege that they intend to and will vote in the year 2012 Minnesota primary and general elections and thereafter for candidates for the United States House of Representatives from Minnesota, and that said elections conducted in accordance with *Zachman* will continue to deprive Plaintiffs in Intervention residing in

congressional districts 2, 3 and 6, and all other similarly-situated voters in these Minnesota congressional districts, of rights guaranteed under the United States Constitution and under the Minnesota Constitution.

43. In the absence of reapportionment of Minnesota's congressional districts in conformity with the United States Constitution, any action of these Defendants in conducting an election for members of the United States House of Representatives in accordance with the congressional districts ordered by *Zachman* has deprived and will continue to deprive Plaintiffs in Intervention residing in congressional districts 2, 3 and 6, and all other similarly-situated voters in these Minnesota congressional districts, of their constitutional rights under the Fifth and Fourteenth Amendments to the United States Constitution and under the Minnesota Constitution.

44. By the current and anticipated failure of the Minnesota Legislature to equally apportion the congressional districts of the state in conformity with the United States Constitution and the Minnesota Constitution, the Minnesota Legislature has and will continue to cause Defendants to violate the constitutional rights of Plaintiffs in Intervention residing in congressional districts 2, 3 and 6, and all other similarly-situated voters in these Minnesota congressional districts.

WHEREFORE, Plaintiffs in Intervention pray for the following relief:

1. That this Court declare that the plan of legislative and congressional districts ordered in *Zachman* violates the rights of Plaintiffs in Intervention and the class as follows:

    (a) the present legislative district boundaries in the State of Minnesota violate the rights of Plaintiffs in Intervention and the class of citizens and voters whom they represent to  equal representation and equal

        apportionment of legislative districts mandated by the Minnesota Constitution;

(b)     the present legislative district boundaries in the State of Minnesota violate the rights of Plaintiffs in Intervention and the class of citizens and voters whom they represent to due process and equal protection guaranteed by the United States Constitution; and

(c)     the present congressional district boundaries in the State of Minnesota violate the rights of certain Plaintiffs in Intervention and the class of citizens and voters whom they represent to due process and equal protection guaranteed by the United States Constitution.

2.     That this Court issue a permanent injunction and judgment decreeing that Minnesota's current legislative and congressional districts are not now valid plans of state legislative and congressional apportionment.

3.     That this Court issue a permanent injunction enjoining Defendants and the class of persons they represent from taking any action related to carrying out their official duties in conducting primary or general elections for Minnesota state legislators and members of the United States House of Representatives from the State of Minnesota based on the legislative and congressional districts ordered in *Zachman*.

4.     That this Court retain jurisdiction of this action to determine if the Legislature has passed and the Governor has signed legislation forming new Minnesota legislative and congressional districts in conformity with the Minnesota and United States Constitutions; that should the Legislature and Governor fail to enact such legislation, the Court will consider evidence, determine and order valid plans for Minnesota legislative and congressional districts.

5. That this Court consider evidence, determine and order valid plans for new Minnesota legislative and congressional districts in the event the Minnesota Legislature and the Governor of the State of Minnesota fail to enact legislation establishing such districts in accordance with constitutional requirements during the 2011 legislative session.

6. That this Court order Defendants to pay to Plaintiffs in Intervention reasonable attorney fees and expenses, expert witness fees and costs and other expenses incurred in this action pursuant to 42 U.S.C. § 1988.

7. That this Court order such other and future relief as is just in the circumstances.

**TRIMBLE & ASSOCIATES, LTD.**

*s/Tony P. Trimble/*
Tony P. Trimble, #122555
Matthew W. Haapoja, #268033
10201 Wayzata Boulevard, Suite 130
Minnetonka, MN 55305