# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Audrey Britton, David Bly, Cary Coop, Josh McIntosh, individually and on behalf of all citizens of Minnesota similarly situated, | Civil Action No. 11-cv-93 PJS/AJB |
| Plaintiffs, | |
| vs. | **COMPLAINT IN INTERVENTION** |
| Mark Ritchie, Secretary of State of Minnesota, Rachel Smith, Hennepin County Elections Manager, Fran Windschitl, Rice County Auditor, Cindy Geis, Scott County Auditor, Robert Hiivala, Wright County Auditor, individually and on behalf of all Minnesota county chief election officers, | |
| Defendants, | |
| and | |
| Lori Sellner, Susan Moravec, George Greene, William "Matt" Little, Fabian Hoffner, Cathy Harrison, Larry Buboltz, and Tadd Johnson, individually and on behalf of all citizens of Minnesota similarly situated, | |
| Plaintiffs in Intervention. | |

---

Plaintiffs in Intervention Lori Sellner, Susan Moravec, George Greene, William "Matt" Little, Fabian Hoffner, Cathy Harrison, Larry Buboltz, and Tadd Johnson, individually and on behalf of all citizens of Minnesota similarly situated, for their Complaint in Intervention, state and allege as follows:

## PARTIES

1.     Plaintiffs in Intervention are citizens and qualified voters of the United

States of America and the State of Minnesota residing in various counties, legislative

districts, and congressional districts in the state of Minnesota, as follows:

| Name | County | Leg. Dist. | Congr. Dist. |
|------|--------|-----------|--------------|
| Lori Sellner | Brown | 21B | 1 |
| Susan Moravec | Scott | 34A | 2 |
| George Greene | Hennepin | 46B | 3 |
| William "Matt" Little | Dakota | 55A | 4 |
| Fabian Hoffner | Hennepin | 44B | 5 |
| Cathy Harrison | Anoka | 51A | 6 |
| Larry Buboltz | Becker | 9B | 7 |
| Tadd Johnson | St. Louis | 7A | 8 |

2.     Existing Plaintiffs have brought this action individually and on behalf of

themselves and all other citizens and voters of the United States of America who reside in

Minnesota who are similarly situated as having been denied equal protection of the laws

as further stated herein.  Existing Plaintiffs contend that the class is so situated as to make

joinder impossible or impractical; there are common questions of law and fact which

predominate over individual questions of law and fact; the claims of the named

individuals are typical of the claims of the members of this class; that existing Plaintiffs

will fully and adequately represent and protect the interests of this class; that the

prosecution of separate actions by individual members of the class would create a risk of

inconsistency or varying adjudications which would establish incompatible standards of

conduct for the named Defendants; and that the common questions of law which

predominate are the constitutionality of the current plan of legislative districts and

congressional districts established by the Minnesota Special Redistricting Panel in *Zachman v. Kiffmeyer*, No. C0-01-0160 (Order dated March 19, 2002) (hereinafter *Zachman*), which is being enforced by the Defendants.  To the extent the Court certifies one or more Plaintiff classes, Plaintiffs in Intervention request to be class representatives.

3.     Defendants are each citizens of the United States of America and the State of Minnesota, residing in the State of Minnesota.

4.     Defendant Mark Ritchie is the duly elected, qualified and acting Secretary of State for the State of Minnesota.  Under the provisions of Minnesota Statutes 2010, Chapters 200 through 212 inclusive, he is charged in his official capacity with the duty of keeping records of state elections, giving notice of state elections, preparing ballots and instructions for voters, receiving the filings of candidates for state elective offices, distributing copies of the election laws of the State of Minnesota, receiving election returns, furnishing blank election ballots and forms to the several county auditors, furnishing certificates of election to successful legislative candidates in multi-county districts and to successful candidates for election to the United States Congress, serving on the State Canvassing Board, conducting recounts, and various other election duties.

5.     Defendant Rachel Smith is the Elections Manager for Hennepin County, Minnesota.  She is the designee of Jill Alverson, the duly elected Auditor for Hennepin County, to serve as chief election officer for Hennepin County, Minnesota.

6.     Defendant Fran Windschitl is the duly elected County Auditor and chief election officer for Rice County, Minnesota.

7.     Defendant Cindy Geis  is the duly elected County Auditor and chief election officer for Scott County, Minnesota.

8.     Defendant Robert Hiivala is the duly elected County Auditor and chief election officer for Wright County, Minnesota.

9.     Said county auditors and chief county election officials are charged with the duties of keeping records of state elections, giving notice of such elections, receiving filings for office, preparing ballots and instructions to voters, distributing election laws, receiving election returns, furnishing blank election ballots and forms, and furnishing certificates of elections in county legislative districts and congressional districts.

10.     Existing Plaintiffs brought this action against Rachel Smith, Fran Windschitl, Cindy Geis, and Robert Hiivala individually and as representative of all other county auditors and/or chief election officers similarly situated in the State of Minnesota. To the extent the Court certifies a Defendant class, Plaintiffs in Intervention assert their rights as against such class.

11.     Plaintiffs in Intervention claim an interest relating to the legislative and congressional reapportionments that are the subject of this action, and are so situated that this action's disposition may as a practical matter impair or impede their ability to protect that interest.

12.     Existing Plaintiffs do not adequately represent the interest of the Plaintiffs in Intervention.  The Plaintiffs in Intervention have intervened with the encouragement and support of the leadership and office-holders of the Democratic-Farmer-Labor Party of Minnesota, a "major political party" within the meaning of Minnesota election law.

On information and belief, existing Plaintiffs do not purport to represent the interests of the Democratic-Farmer-Labor Party of Minnesota nor the interests of the citizens of Minnesota as a whole.

13.     Plaintiffs in Intervention have sought intervention early in this action and are thus timely.

## JURISDICTION

14.     This Court has subject matter jurisdiction under 42 U.S.C. §§ 1983 and 1988 as well as and 28 U.S.C. §§ 1331, 1343(a)(3)-(4), and 1367 to redress the claims of Plaintiffs in Intervention of violations of the United States Constitution and the Minnesota Constitution and authority to grant declaratory relief under 28 U.S.C. § 2201.

## COUNT I
## LEGISLATIVE APPORTIONMENT

15.     This case arises under the Fourteenth Amendment to the United States Constitution, which provides in Section 1:

> No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

16.     The Fifth Amendment to the United States Constitution further provides:

> No person shall be…deprived of life, liberty or property without due process of law.

17.     This case also arises under the Minnesota Constitution, Art. IV Sec. 2, which provides:

> The number of members who compose the senate and house of representatives shall be prescribed by law. The representation in both houses shall be apportioned equally throughout the different sections of the state in proportion to the population thereof.

18.    The Minnesota Constitution, Art. IV Sec. 3, further provides:

> At its first session after each enumeration of the inhabitants of this state made by the authority of the United States, the legislature shall have the power to prescribe the bounds of congressional and legislative districts. Senators shall be chosen by single districts of convenient contiguous territory. No representative district shall be divided in the formation of a senate district. The senate districts shall be numbered in a regular series.

19.    The provisions of the Fourteenth and Fifth Amendments guarantee to the citizens of the United States in each state the right to vote in state and federal elections and guarantee that the vote of each shall be as equally effective as any other vote cast in such elections.   These provisions further guarantee that state legislative representation shall be equally apportioned throughout a state in districts of equal population.

20.    The above-referenced provisions of Article IV of the Minnesota Constitution guarantee to the residents of Minnesota that the vote of each shall be as equally effective as any other vote cast in an election for members of the Minnesota Legislature.  These provisions further require that the members of the Minnesota Legislature be elected by the people of the State of Minnesota on a basis of equal representation of the individual citizens of the state.

21.    The United States took a census pursuant to Art. I, Sec. 2, clause 3 of the United States Constitution, enumerating 5,303,925 inhabitants of Minnesota as of April 1, 2010 (the "2010 Census").  Based on the 2010 census, the ideal population of a

Minnesota State Senate District is 79,163, and the ideal population of a Minnesota State House of Representatives District is 39,582.

22.    The 2010 Census shows that the Minnesota legislative apportionment system established by the five member Special Redistricting Panel in *Zachman* effects a legislative apportionment which discriminates against citizens in the most highly populous legislative districts and prefers other citizens in the least populous legislative districts in violation of Art. IV of the Minnesota Constitution and the Fifth and Fourteenth Amendments to the United States Constitution.

23.    Certain Plaintiffs in Intervention reside and vote in disproportionately highly populated legislative districts as follows:

| Name | District | Population | % Deviation |
|------|----------|-----------|-------------|
| Susan Moravec | 34A | 47,533 (+7,951) | 20.09% |
| Cathy Harrison | 51A | 49,630 (+10,048) | 25.39% |

Plaintiffs in Intervention thus have diminished electoral power relative to less populated legislative districts, in violation of Art. IV of the Minnesota Constitution and the Fifth and Fourteenth Amendments to the United States Constitution.

24.    The 2010 Census shows that the state legislative districts as established by *Zachman* are unequally apportioned, and the present apportionment of the state legislative districts is arbitrary and capricious in violation of Art. IV of the Minnesota Constitution and the Fifth and Fourteenth Amendments to the United States Constitution.

25.     As citizens of the United States and of the State of Minnesota, Plaintiffs in Intervention have the right under the United States Constitution and the Minnesota Constitution to have the entire membership of the Minnesota Legislature apportioned and elected on the basis of the 2010 Federal Census.

26.     The Minnesota Legislature has not yet apportioned legislative representation pursuant to the Minnesota Constitution, Art. IV Sec. 3, as a result of the 2010 Census.

27.     Unless and until the Minnesota Legislature apportions legislative representation as a result of the census taken in 2000, on information and belief the Defendants must hold elections for the Legislature according to the legislative districts ordered in *Zachman*, in violation of Art. IV of the Minnesota Constitution and the Fifth and Fourteenth Amendments to the United States Constitution.

28.     Plaintiffs in Intervention further allege that they intend to vote in the 2012 Minnesota primary and general elections and thereafter for candidates for the Minnesota Legislature, and that any elections conducted in accordance with *Zachman* will continue to deprive Plaintiff in Intervention of their rights under Art. IV of the Minnesota Constitution and the Fifth and Fourteenth Amendments to the United States Constitution.

29.     The relief sought against Defendants in their official capacities relates to their respective jurisdictions in carrying out all matters related to the election of members of the Minnesota Legislature.

30.     In the absence of any reapportionment of the legislative districts of the State of Minnesota in conformity with the United States Constitution and the Minnesota

Constitution, any action of Defendants in conducting an election for members of the Minnesota Legislature in accordance with the districts in *Zachman* has deprived and will continue to deprive Plaintiffs in Intervention of their constitutional rights in that:

    a.   They are and will be arbitrarily deprived of liberty and property without Due Process of Law, and are and will be arbitrarily deprived of Equal Protection of the Law, in violation of the Fifth and Fourteenth Amendments to the United States Constitution;

    b.   They are and will be, in substantial measure, disenfranchised and deprived of their rights and privileges, all in violation of Article I, Section 2 of the Minnesota Constitution;

    c.   They are and will be deprived of equally apportioned legislative districts of the Minnesota Legislature as guaranteed by Article IV, Sections 2 and 3 of the Minnesota Constitution; and

    d.   Their right to vote, as guaranteed by Article VII, Section 1 of the Minnesota Constitution, is and will continue to be abridged, diluted and infringed.

    31.    By the failure to date of the Minnesota Legislature to equally apportion the legislative districts of the State of Minnesota in conformity with the United States Constitution and the Minnesota Constitution, the Minnesota Legislature has and will continue to cause Defendants to violate the constitutional rights of Plaintiffs in Intervention and all other similarly-situated residents of Minnesota.

32.     The Plaintiffs in Intervention are entitled to an equal and timely apportionment among the legislative districts by the Legislature pursuant to the Minnesota Constitution, Art. IV Sec. 3.

33.     If the Legislature does not equally or timely apportion the legislative districts pursuant to the Minnesota Constitution, Art. IV Sec. 3, then Plaintiffs in Intervention are entitled to a judicial remedy equally apportioning those districts.

## COUNT II
## CONGRESSIONAL REDISTRICTING

34.     This case arises under the Fourteenth Amendment to the United States Constitution, which provides in Section 1:

> No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

The Fourteenth Amendment further provides in Section 2:

> Representatives shall be apportioned among the several States according to their respective numbers.

35.     The Fifth Amendment to the United States Constitution further provides:

> No person shall be…deprived of life, liberty or property without due process of law.

36.     This case also arises under the Minnesota Constitution, Art. IV Sec. 3, which provides:

> At its first session after each enumeration of the inhabitants of this state made by the authority of the United States, the legislature shall have the power to prescribe the bounds of congressional and legislative districts.

37.     The provisions of the Fifth and Fourteenth Amendments guarantee to the citizens of the United States in each state the right to vote in state and federal elections and guarantee that the vote of each shall be as equally effective as any other vote cast in such elections.   These provisions further guarantee that congressional representation shall be equally apportioned throughout a state in districts in equal population.

38.     The United States took a census pursuant to Art. I, Sec. 2, clause 3 of the United States Constitution, enumerating 5,303,925 inhabitants of Minnesota as of April 1, 2010 (the "2010 Census").  Based on the 2010 census, the ideal population of a congressional district in Minnesota is 662,991.

39.     The 2010 Census shows that the congressional districts established by the five member Special Redistricting Panel in *Zachman* discriminate against citizens in the most highly populous congressional districts and prefer other citizens in the least populous congressional districts in violation of Art. IV of the Minnesota Constitution and the Fifth and Fourteenth Amendments to the United States Constitution.

40.     Certain Plaintiffs in Intervention reside and vote in disproportionately highly populated congressional districts as follows:

| Name | District | Population | % Deviation |
|---|---|---|---|
| Susan Moravec | 2 | 5,373,449 (+69,524) | 10.19% |
| Cathy Harrison | 6 | 5,400,412 (+96,487) | 14.55% |

Plaintiffs in Intervention thus have diminished electoral power relative to less populated congressional districts, in violation of Art. IV of the Minnesota Constitution and the Fifth and Fourteenth Amendments to the United States Constitution.

41.     The 2010 Census shows that the congressional districts as established by *Zachman* are unequally apportioned, and the present apportionment of the state legislative districts is arbitrary and capricious in violation of Art. IV of the Minnesota Constitution and the Fifth and Fourteenth Amendments to the United States Constitution.

42.     As citizens of the United States and of the State of Minnesota, Plaintiffs in Intervention have the right under the United States Constitution and the Minnesota Constitution to have congressional representation apportioned and elected on the basis of the 2010 Federal Census.

43.     The Minnesota Legislature has not yet reapportioned the state's congressional districts pursuant to the Minnesota Constitution, Art. IV Sec. 3. as a result of the 2010 Census.

44.     Unless and until the Minnesota Legislature reapportions the state's congressional districts as a result of the census taken in 2000, on information and belief the Defendants must hold elections for Representatives in Congress according to the congressional districts ordered in *Zachman*, in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

45.     Plaintiffs in Intervention further allege that they intend to vote in the 2012 Minnesota primary and general elections and thereafter for candidates for Representatives in Congress, and that any elections conducted in accordance with *Zachman* will continue

to deprive Plaintiffs in Intervention of their rights under the Fifth and Fourteenth
Amendments to the United States Constitution.

46.    The relief sought against Defendants in their official capacities relates to
their respective jurisdictions in carrying out all matters related to the election of
Representatives to Congress.

47.    In the absence of any reapportionment of the congressional districts of the
State of Minnesota in conformity with the United States Constitution and the Minnesota
Constitution, any action of Defendants in conducting an election for Representatives in
Congress in accordance with the districts in *Zachman* will deprive and will continue to
deprive Plaintiffs in Intervention of their constitutional rights in that:

    a.   They are and will be arbitrarily deprived of liberty and property
without Due Process of Law, and are and will be arbitrarily deprived
of Equal Protection of the Law, in violation of the Fifth and
Fourteenth Amendments to the United States Constitution;

    b.   They are and will be, in substantial measure, disenfranchised and
deprived of their rights and privileges, all in violation of Article I,
Section 2 of the Minnesota Constitution;

    c.   They are and will be deprived of equally apportioned congressional
districts of the Minnesota Legislature as guaranteed by Article IV,
Section 3 of the Minnesota Constitution; and

      d.   Their right to vote, as guaranteed by Article VII, Section 1 of the

Minnesota Constitution, is and will continue to be abridged, diluted

and infringed

48.     By the failure to date of the Minnesota Legislature to equally apportion the

congressional districts of the State of Minnesota in conformity with the United States

Constitution and the Minnesota Constitution, the Minnesota Legislature has and will

continue to cause Defendants to violate the constitutional rights of Plaintiffs in

Intervention and all other similarly-situated residents of Minnesota.

49.     The Plaintiffs in Intervention are entitled to an equal and timely

apportionment among congressional districts by the Legislature pursuant to the

Minnesota Constitution, Art. IV Sec. 3.

50.     If the Legislature does not equally or timely apportion congressional

districts pursuant to the Minnesota Constitution, Art. IV Sec. 3, then Plaintiffs in

Intervention are entitled to a judicial remedy equally apportioning those districts.

WHEREFORE, Plaintiffs in Intervention pray for the following relief:

1.      That this Court declare pursuant to 28 U.S.C. § 2201 *et seq.*:

    a.  That the present legislative apportionment of the State of Minnesota violates the rights of Plaintiffs in Intervention and the class they represent of their rights of equal representation and equal apportionment of legislative districts mandated by the Minnesota Constitution;

    b.  That the present legislative apportionment of the State of Minnesota violates the rights of Plaintiffs in Intervention and the class they represent of Due Process of Law and Equal Protection of the Law in violation of the Fourteenth Amendment to the United States Constitution;

    c.  That the present congressional apportionment of the State of Minnesota violates the rights of Plaintiffs in Intervention and the class they represent of Due Process of Law and Equal Protection of the Law in violation of the Fourteenth Amendment to the United States Constitution;

2.      The Court permanently restrain Defendants and the class of persons they represent from taking any actions necessary to the holding of general or primary elections for members of the Minnesota Legislature and members of the United States House of Representatives in the legislative and congressional districts set out and described in *Zachman v. Kiffmeyer*.

3.      That this Court notify the Governor and Legislature of the State of Minnesota that it will retain jurisdiction of this action and, upon the failure of the State of Minnesota to adopt constitutionally valid plans of congressional redistricting and legislative reapportionment, determine and order a proper plan for congressional redistricting and legislative reapportionment.

4.      Granting Plaintiffs in Intervention their attorneys' fees and costs, pursuant

to 42 U.S.C. § 1988 and Minn. Stat. § 555.08; and

5.      For such other and further relief as is just and equitable.


Dated:  May 23, 2011                        /s/ David L. Lillehaug
                                            David L. Lillehaug (#63186)
                                            Christopher A. Stafford (#387971)
                                            **FREDRIKSON & BYRON, P.A.**
                                            200 South Sixth Street, Suite 4000
                                            Minneapolis, MN 55402-1425
                                            Telephone:  (612) 492-7000
                                            Facsimile:  (612) 492-7077

                                            Marc E. Elias (DC Bar #442007)
                                                *(pro hac vice pending)*
                                            Kevin Hamilton (Wash. Bar #15648)
                                                *(pro hac vice pending)*
                                            Perkins Coie LLP
                                            700 Thirteenth Street, N.W., Suite 600
                                            Washington, D.C. 20005-3960
                                            Telephone:  (202) 654-6200

                                            **ATTORNEYS FOR INTERVENORS**

4913918_1.DOC